Matthew J. Erausquin (Cal. Bar No. 255217)
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com

Leonard A. Bennett, *pro hac vice forthcoming*
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com

Attorneys for Plaintiff,
JAMES HOLLIFIELD



FILED
CLERK, U.S. DISTRICT COURT
OCT - 1 2014
CENTRAL DISTRICT OF CALIFORNIA
BY KM        DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JAMES HOLLIFIELD, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTV, LLC,<br><br>SERVE: Corporation Service Company<br>2710 Gateway Oaks Drive<br>Suite 150N<br>Sacramento, CA 95833<br><br>STERLING INFOSYSTEMS, INC.<br><br>SERVE: Paracorp Incorporated<br>2140 S. Dupont Hwy<br>Camden, DE 19934<br><br>Defendants. | Case No.: **LACV14-7622MWF(MANx)**<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>(DEMAND FOR JURY TRIAL)<br><br><u>CLASS ACTION</u> |



RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 26 2014
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

COMES NOW the Plaintiff, James Hollifield ("Hollifield" or "Plaintiff"), on behalf of himself and all similarly situated individuals, by counsel, and as for his Class Complaint against the Defendants, he alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA"). The FCRA imposes several important procedural requirements on employers that use a consumer's public records background check that are designed to protect consumers like the Plaintiff. Plaintiff applied for employment with Defendant DirecTV, LLC ("DirecTV"), and DirecTV extended an offer of employment conditioned on the results of his background check. Defendant obtained Plaintiff's consumer report from Defendant Sterling Infosystems, Inc. ("Sterling"), and then revoked its offer of employment and declined to hire Plaintiff. In doing so, DirecTV failed to comply with the procedural protections and requirements imposed by the FCRA.

2. Additionally, the consumer report that Defendant Sterling provided to DirecTV contained materially false and derogatory information regarding the Plaintiff. Accordingly, Plaintiff brings an individual claim against Sterling for failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning him in violation of the FCRA.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

## PARTIES

4. The Plaintiff is a natural person, and at all times relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a.

5. Defendant DirecTV is a California limited liability company. At all times relevant to this Complaint, DirecTV was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

6. Defendant Sterling is a Delaware corporation doing business in California.

7. Sterling is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

## STATEMENT OF FACTS

8. In or around September 2012, Plaintiff applied for a full time recruiter position with DirecTV.

9. In connection with Plaintiff's application, DirecTV procured Plaintiff's consumer report, including a criminal background report, from Defendant Sterling.

10. Immediately after receiving the subject background report, DirecTV took adverse action against Plaintiff by disqualifying him from further consideration for employment based upon the information in his criminal background report.

11. DirecTV did not provide Plaintiff with the notice required by the Fair Credit Reporting Act prior to taking the adverse action, including, for example, (i) that an adverse action had been taken based in whole or in part on the consumer report, (ii) the name, address and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and was unable to provide the consumer with specific reasons why the adverse action was taken, and/or (iv) that the Plaintiff could

request a free copy of the report and dispute the accuracy or completeness of the report with the consumer reporting agency.

12. Additionally, DirecTV's conduct against the Plaintiff and the putative class members was willful.

13. Since at least 2012, DirecTV has purchased consumer reports, including criminal background reports, from consumer reporting agencies trafficking in the reputations of America's workforce, which are used as a basis for taking adverse action against job applicants.

14. As a matter of practice, DirecTV regularly and consistently fails to provide the "adverse action notice" to job applicants as required by 15 U.S.C. § 1681b(b)(3).

15. DirecTV's procedures and conduct were carried out as DirecTV intended and were not a mere accident or mistake. Instead, its actions constituted its standard procedures and policy of conducting business.

16. DirecTV is well aware of its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

17. DirecTV has been previously sued for violating the FCRA. At least one of these cases involved its obligations regarding employment-purposed consumer reports under the FCRA. *See, e.g., Simon v. Directv, Inc.*, Civil Action No. 09-cv-852-PAB-KLM (D. Colo.); *Hamilton v. Directv, Inc.*, Civil Action No. 2:09cv357-WHA (M.D. Ala.); *Greene v. Directv, Inc.*, No. 10 C 117 (N.D. Ill.); *Howard v. The Directv Group, Inc.*, No. CV 109-156 (S.D. Ga.).

18. Further, upon information and belief, DirecTV obtained or had available substantial written materials that informed it of its duties under the FCRA.

19. Sterling, DirecTV's consumer report vendor, offers webinars regarding FCRA

compliance, as well as other FCRA compliance material specifically targeted to employers, on its website. *See* http://sterlingbackcheck.com/Resources/Events-Webinars.aspx (last visited Sept. 25, 2014).

20. Despite knowing of these legal obligations, DirecTV acted consciously and willfully in breaching its known duties and depriving the Plaintiff and the putative class members of their rights under the FCRA.

21. Plaintiff alleges that DirecTV's conduct as alleged herein was consistent with its established and systematically executed procedures and policies of noncompliance with the FCRA.

22. Therefore, DirecTV's conduct was willful and entitles Plaintiff and the putative class members to recover punitive damages for its violations of the FCRA.

23. Furthermore, the consumer report that Defendant Sterling furnished regarding the Plaintiff was materially inaccurate.

24. By way of example only, Sterling furnished a report regarding the Plaintiff that stated that he had been arrested on October 17, 2006 for driving under the influence, possession of marijuana, and failure to maintain lane.

25. This was inaccurate. Plaintiff was not arrested on October 17, 2006 for these charges.

26. As another example, Sterling's report regarding the Plaintiff stated that he was found guilty of possession of marijuana on January 18, 2007.

27. This was also inaccurate. Plaintiff was not found guilty of possession of marijuana on January 18, 2007.

28. Accordingly, Sterling's report regarding the Plaintiff was inaccurate, materially

incomplete and also patently misleading.

29. In furnishing this inaccurate consumer report about the Plaintiff, Sterling failed to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

30. As a result of Sterling's actions, Plaintiff suffered actual damages.

31. Additionally, Sterling's conduct against the Plaintiff was willful.

32. As a matter of practice, Sterling regularly and consistently fails to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it publishes and maintains concerning consumers as required by 15 U.S.C. § 1681e(b).

33. Sterling's procedures and conduct were carried out as it intended and were not a mere accident or mistake. Instead, its actions constituted its standard procedures and policy of conducting business.

34. Sterling is well aware of its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

35. Sterling has been previously sued for violating the FCRA. Many of these cases involved its provision of inaccurate information in employment-purposed consumer reports in violation of the FCRA. *See, e.g., Sanchez v. Sterling Infosystems, Inc.*, No. 2:13-mc-0050-KJM-AC (E.D. Cal.); *Brown v. Sterling Infosystems, Inc.*, No. 3:10cv697 (N.D. Ohio).

36. Further, upon information and belief, Sterling obtained or had available substantial written materials that informed it of its duties under the FCRA.

37. Sterling holds itself out as a leader in FCRA compliance, offering general

compliance information on its website and blog, as well as free webinars regarding FCRA Compliance. *See* http://sterlingbackcheck.com/Resources/Events-Webinars.aspx (last visited Sept. 25, 2014).

38. Additionally, on one or more occasions, Sterling attended the National Association of Professional Background Screen's ("NAPBS") Mid-Year Legislative and Regulatory Conference in the Washington, D.C. metro-area.

39. During these conferences, NAPBS holds seminars regarding FCRA compliance and updates to legislation regarding the background screening industry.

40. In addition to these seminars, written materials about FCRA compliance and other background screening issues are available at these conferences.

41. And even if Sterling did not receive any of these materials at a NAPBS conference, any reasonable consumer reporting agency knows about or can easily discover these mandates.

42. Despite knowing of these legal obligations, Sterling acted consciously and willfully in breaching its known duties and depriving the Plaintiff of his rights under the FCRA.

43. Plaintiff alleges that Sterling's conduct as alleged herein was consistent with its established and systematically executed procedures and policies of noncompliance with the FCRA.

44. Therefore, Sterling's conduct was willful and entitles Plaintiff to recover punitive damages for its violations of the FCRA.

### COUNT I: VIOLATION OF 15 U.S.C. § 1681b(b)(3)
### Class Claim Against Defendant DirecTV only

45. **The FCRA Class.** Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action individually and on behalf of a class initially defined as follows ("the Class"):

All employees or prospective employees of Defendant DirecTV residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report used by DirecTV to make an employment decision and against whom DirecTV took an adverse action based in whole or in part on information contained in the consumer report before providing the applicant with a copy of the consumer report.

46. **Numerosity**. The Class members are so numerous that joinder of all is impractical. A similar number of current openings over the past two years demonstrate a significant number of applicants and potential class members. The names and addresses of the Class members are identifiable through documents maintained by DirecTV, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

47. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether DirecTV provided a copy of the consumer report to the applicant or employee prior to refusing to hire the applicant or terminating the employee based on the results thereof; (b) whether DirecTV's conduct violated the FCRA; and (c) whether DirecTV acted knowingly and intentionally or with conscious disregard of the rights of the consumers.

48. **Typicality**. Plaintiff's claims are typical of the claims of each Class member and all are based on the same facts and legal theories. Upon information and belief, it is DirecTV's standard hiring practice to obtain and rely on consumer reports for employment purposes, refusing to hire applicants without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report before taking the adverse action. For purposes of class certification only, Plaintiff seeks only statutory and punitive damages. Plaintiff would seek individual or actual damages only if class certification is denied. In addition,

Plaintiff is entitled to the relief under the same causes of action as the other members of the Class.

49. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

50. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by DirecTV's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers whom DirecTV refused to hire or terminated employment based on a consumer report without complying with the requirements of the FCRA are likely unaware of their rights under the law or of who they could

COMPLAINT FOR VIOLATIONS OF
THE FAIR CREDIT REPORTING ACT

find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources as well. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law for every similarly situated consumer.

51. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

52. DirecTV violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Plaintiff and the putative Class members before taking an adverse action that was based in whole or in part on that report.

53. Plaintiff seeks statutory and punitive damages as well as attorney's fees and costs for himself and all others similarly situated for DirecTV's willful violation pursuant to 15 U.S.C. § 1681n.

54. In the alternative, Plaintiff seeks actual damages as well as attorney's fees and costs for himself and all others similarly situated for DirecTV's negligent violation pursuant to 15 U.S.C. § 1681o.

### COUNT TWO: VIOLATION OF 15 U.S.C. § 1681e(b)
### Plaintiff's Individual Claim Against Defendant Sterling Only

55. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

56. Defendant Sterling violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning the Plaintiff.

57. As a result of Defendant Sterling's conduct, action, and inaction, Plaintiff suffered actual damages.

COMPLAINT FOR VIOLATIONS OF
THE FAIR CREDIT REPORTING ACT

58. Defendant Sterling's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

59. Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Defendant Sterling in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, on behalf of himself and the putative class members, moves for class certification, statutory and punitive damages, and attorney's fees and costs against Defendant DirecTV for his class claim, as well as statutory, actual, and punitive damages, and attorney's fees and costs against Defendant Sterling for his individual claims; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**JAMES HOLLIFIELD**, *on behalf of himself and of all similarly situated individuals*

By: *[signature]*
Of Counsel

Matthew J. Erausquin, CSB No. 255217
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
matt@clalegal.com

Leonard A. Bennett, *pro hac vice forthcoming*
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel:   (757) 930-3660
Fax:   (757) 930-3662
lenbennett@clalegal.com

COMPLAINT FOR VIOLATIONS OF
THE FAIR CREDIT REPORTING ACT