**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

JS-6

| | |
|---|---|
| **JAMES HOLLIFIELD,** *on behalf of himself and all others similarly situated*, <br><br> **Plaintiff,** <br><br> v. <br><br> **DIRECTV, LLC**, *et al.*, <br><br> **Defendants.** | No. 2:14-cv-07622-MWF (AJWx) <br><br> **FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> The Honorable Michael W. Fitzgerald |

Before the Court is the Joint Motion for Final Approval of Class Action Settlement by the Plaintiff, James Hollifield, and the Defendant, DirecTV, LLC. The Court preliminarily approved the Settlement (Docket No 83), and ordered that the Class be notified of the Settlement's terms. The Parties have submitted a Memorandum of Law in support of the request for final approval that the Court has reviewed, and finds that it is just and proper that final approval be granted.

Based upon the Stipulation, the record and exhibits herein, and after a hearing held on March 13, 2017, the Court determines that the Settlement is fair, reasonable, and adequate. The Court therefore makes the following findings and conclusions:

IT IS HEREBY ORDERED:

1

1. The Court finds that it has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. **<u>Class Members of Rule 23(b)(3) Class:</u>** Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class of plaintiffs:

> The Named Plaintiff and any other employee or prospective employee of DirecTV, LLC and all related entities residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a Consumer Report used by DirecTV to take an adverse employment action from October 1, 2009 until November 13, 2014.

3. **<u>Class Representative and Class Counsel:</u>** For settlement purposes only, and pursuant to Federal Rule of Civil Procedure 23, the Court finally appoints Plaintiff James Hollifield as the Class Representative, and Leonard A. Bennett and Matthew J. Erausquin of Consumer Litigation Associates, P.C. and Michael Caddell and Cynthia Chapman of Caddell & Chapman as Class Counsel.

4. **<u>Final Certification of the Settlement Class:</u>** For settlement purposes only, the Court finally finds that the Lawsuit and the Class satisfy the applicable prerequisites for class action treatment. Fed. R. Civ. P. 23(b)(3).

5. Having been finally approved, if the Settlement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement Class shall be decertified; the Stipulation and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and

2

shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; shall not be admissible or considered in any subsequent proceeding; and all parties shall stand in the same procedural position as if the Stipulation had not been negotiated, made, or filed with the Court.

6. **Notice to the Settlement Class:** Total Class Solutions, the Court-appointed Settlement Administrator, mailed the Court-approved notice to all Class Members for whom it could obtain valid addresses. Total Class Solutions has represented to the Court that this mailed notice reached 89.9% of the 1,327 Class Members. The Court finds that this notice meets the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

7. **CAFA Notice:** The Defendant served notice on the state and federal attorneys general as required by the Class Action Fairness Act ("CAFA"), and none of these government entities commented on the Settlement.

8. No objectors appeared at the Final Fairness Hearing, and none timely objected in writing to the Settlement. No Class Members opted out of the Settlement. The Court concludes that this lack of Class Member disapproval supports a finding that the Settlement is fair, reasonable, and adequate.

9. **Release of Claims:** The Court hereby orders that Class Members who did not timely exclude themselves from the Settlement, and thus are not Excluded

Individuals, are Settlement Class Members who have released their claims against Defendant as set forth in the Section I(BB) of the Settlement Agreement.

    10.  **<u>Attorneys' fees, costs, and Class Representative Service Award:</u>** Class Counsel has requested as attorneys' fees 25% of the Settlement Fund, or $150,000. In keeping with the Ninth Circuit's ruling in *In re Mercury Interactive Corporation Securities Litigation*, 618 F. 3d 988 (9th Cir. 2010), the Class Notice included reference to this proposed award, and Class Counsel filed their fee petition with sufficient time to allow Class Members to review and object to it before the Final Fairness Hearing. No Class Member did.

    Based on Counsel's submission, the Court concludes that an award of 25% meets the Ninth Circuit's benchmark award for a percentage-of-the-fund award in a class action and is reasonable in this case. The Court has also cross-checked Counsel's lodestar against the $150,000 award, and concluded that the hourly rates of Counsel and number of hours incurred in litigating the case are reasonable. The requested award of $150,000 is granted, and the Court orders it paid from the Settlement Fund.

    In addition, Class Counsel has requested $13,575.03 as reimbursement of their expenses reasonably incurred in the litigation of this matter. The Court has examined these fees and finds them to be reasonable. The requested award of $13,575.03 is granted, and the Court orders it paid from the Settlement Fund.

Separately, Plaintiff requests that the Court award him $2,000 for his service to the Class. Such awards are commonplace in class actions, and are intended to reward named plaintiffs for their participation in litigation. Here, the Plaintiff sought out counsel and filed the case, participated in discovery, and traveled to attend the mediation of that resulted in the Settlement the Court herein approves. The award is well-earned, and the Court orders it paid from the Settlement Fund.

11. Cost of Class Notice and Administration: Pursuant to the Settlement Agreement, Total Class Solutions, LLC was retained as Class Administrator. Class Counsel has represented that Total Class Solutions, LLC's fees will be approximately $11,000, subject to adjustment if a second disbursement from the Settlement Fund is necessary. The Court finds that this fee is reasonable, and the Court orders Total Class Solution, LLC's actual fees paid from the Settlement Fund.

12. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Stipulation.

IT IS SO ORDERED.

Date: March 14, 2017

_____
MICHAEL W. FITZGERALD
United States District Judge

5